UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA TAYLOR-DAVID,

    Plaintiff,

v.

GUARDIAN LOAN COMPANY OF
MASSAPEQUA, INC., et al.,

    Defendants.
_____/

Case No. 1:18-cv-263

HON. JANET T. NEFF

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's objections to a Report and Recommendation of the Magistrate Judge. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

**I**

Plaintiff, proceeding pro se, initiated this case in March 2018 against the following four defendants: Guardian Loan Company of Massapequa, Inc.; Credit Suisse First Boston CSFB 2005-12 ("Credit Suisse"); Orlans, P.C. ("Orlans"); and Wells Fargo Home Mortgage ("Wells Fargo"). She filed an Amended Complaint on September 17, 2018, naming only the latter three Defendants (ECF No. 40). In her Amended Complaint, Plaintiff alleges violations of the Fair Debt Collection Practices Act (FDCPA) and the Racketeer Influenced and Corrupt Practices Act

(RICO), as well as state law claims for wrongful foreclosure, slander of title, and intentional infliction of emotional distress, arising from the foreclosure and sale of certain real property.

On November 16, 2018, Defendant Orlans filed a motion to dismiss (ECF No. 42). On December 27, 2018, Plaintiff filed a response in opposition (ECF No. 47). Defendant Orlans filed a reply on January 8, 2019 (ECF No. 50).

Defendants Credit Suisse and Wells Fargo also jointly filed a motion to dismiss on November 16, 2018 (ECF No. 43). Plaintiff filed a response in opposition to their motion on January 3, 2019 (ECF No. 49). Defendants Credit Suisse and Wells Fargo filed a reply on January 16, 2019 (ECF No. 51). On January 17, 2019, Plaintiff supplemented her response with an affidavit (ECF No. 53).

On January 22, 2019, the Magistrate Judge issued a Report and Recommendation (R&R) (ECF No. 54), recommending that the motions to dismiss be granted and this action terminated. The Magistrate Judge reasoned that dismissal was appropriate because Plaintiff failed to state a plausible claim for relief against any Defendant. Specifically, the Magistrate Judge determined that Plaintiff failed to allege that Defendants' communications contained any materially false or misleading statement under the FDCPA (*id.* at PageID.638). The Magistrate Judge determined that Plaintiff's allegations of improper conduct over a brief period with a single goal—the improper foreclosure of her house—likewise fail to constitute a "closed period of repeated conduct" sufficient to state a claim under RICO (*id.* at PageID.639). Next, the Magistrate Judge determined that Plaintiff's wrongful foreclosure and slander of title claims fail because her rights in the property were extinguished when the six-month statutory redemption period expired (*id.* at PageID.640-641). Last, regarding Plaintiff's claim for intentional infliction of emotional distress, the Magistrate Judge determined that the communications from Plaintiff's creditors cannot

reasonably be characterized as "outrageous or otherwise actionable"s (*id.* at PageID.641). The Magistrate Judge instructed that objections to the Report and Recommendation were due within 14 days of service (*id.* at PageID.642).

On January 28, 2019, Plaintiff filed a surreply to Defendants Credit Suisse and Wells Fargo's reply (ECF No. 55). On February 11, 2019, Plaintiff filed objections to the Report and Recommendation (ECF No. 56). Defendants filed responses to Plaintiff's objections (ECF Nos. 58 & 59). On March 4, 2019, Plaintiff filed a motion seeking leave to file a reply to the argument in Defendant Orlans' response that her objections were untimely filed (ECF No. 60).

II

Even assuming arguendo that Plaintiff's objections were timely filed, the objections are unavailing. First, Plaintiff opines that her claims are not extinguished by the expiration of the redemption period where the "Magistrate incorrectly held up this case for more than three months—between June 12, 2018 and September 17, 2018—while the clock was ticking on Ms. Taylor-David's redemption period" (ECF No. 56 at PageID.656-661). Plaintiff's argument lacks merit. The Magistrate Judge properly referenced case law in the Report and Recommendation holding that initiating litigation does not toll the statutory redemption period (R&R, ECF No. 54 at PageID.640). Plaintiff's first objection therefore does not demonstrate any factual or legal error by the Magistrate Judge.

Plaintiff also argues that she properly stated claims under the FDCPA, RICO and for emotional distress (ECF No. 56 at PageID.661-665). However, as Defendants point out in their responses to Plaintiff's objections (ECF Nos. 58 & 59), Plaintiff's arguments merely reveal her disagreement with the Magistrate Judge's analyses. Plaintiff does not demonstrate any factual or legal error by the Magistrate Judge in analyzing her claims.

Therefore, the Court will approve and adopt the Magistrate Judge's Report and Recommendation as the Opinion of the Court. Further, because this Opinion and Order resolves all pending claims, a Judgment will also enter. See FED. R. CIV. P. 58. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 56) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 54) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Orlans, P.C.'s Motion to Dismiss (ECF No. 42) is GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Defendant Credit Suisse and Wells Fargo's Motion to Dismiss (ECF No. 43) is GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Reply (ECF No. 60) is DENIED.

Dated:  August 28, 2019                                  /s/ Janet T. Neff
                                                         JANET T. NEFF
                                                         United States District Judge